IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., a Delaware Corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> The Individuals and Entities associated with the domain names and email addresses identified in **Exhibit A**. <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. _____ |

### COMPLAINT

Plaintiff American Airlines, Inc. ("American" or "Plaintiff"), by its attorneys, brings this action to enjoin Defendants' use of domain names incorporating Plaintiff's AMERICAN AIRLINES marks. Defendants are using counterfeit domain names and email addresses to trick consumers into believing they are associated with American, when in fact, they are not, in furtherance of fraud, phishing and identity theft scams. American seeks preliminary and permanent injunctive relief and all other remedies available under the laws of the United States and the State of Virginia and alleges as follows:

### NATURE OF ACTION

1. This is an action for cyberpiracy, trademark infringement, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and for trademark infringement under the common law of Virginia.

### PARTIES

2. Plaintiff American Airlines, Inc. ("American" or "Plaintiff") is a Delaware corporation with a principal place of business at 1 Skyview Drive, Fort Worth, Texas 76155.

1

3. American owns and operates the domain name <aa.com> which it has used to host its primary website since 1998. American also owns and operates many other domain names including <American.com> which redirect to its website at <aa.com>.

4. On information and belief, Defendants are as-of-yet-unidentified individuals and/or entities (the "Doe Defendants" or "the Defendants") who created, registered, own, operate and/or use the domain names set forth in Exhibit A.

5. On information and belief, the Doe Defendants are foreign individuals and/or entities who do not reside in the United States. Particularly, it has been American's experience over the past several years that most online fraud schemes targeting its customers and jobseekers originate in foreign countries.

**DOMAIN NAME REGISTRAR AND REGISTRY**

6. The following domain names are registered with GoDaddy.com, LLC, which is located in Arizona:

| AmericaknAirlines.com |
| AmericanAirlinesCiticard.com |
| AmericanAirlinese.com |

7. The following domain names are registered with Internet Domain Service BS Corp., located in the Bahamas:

| AmericanAirlinesaol.com |
| AmrericAnairlines.com |

8. The following domain name is registered with Media Elite Holdings Limited, which is located in Panama: <AmericanAirlinesBooking.com>.

9. The domain name registry for all of the domain names at issue in the Complaint is

VeriSign, Inc., a Delaware Corporation having a principal place of business at 12061 Bluemont Way, Reston Virginia 20190.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, cyberpiracy under 15 U.S.C. § 1125(d), trademark infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

11. This Court has jurisdiction over the claims in this action that arise under the laws of the Commonwealth of Virginia pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

12. This Court has personal jurisdiction over Defendants because American's claims for trademark infringement and counterfeiting, cyberpiracy, unfair competition, and dilution arise from acts conducted and harm sustained in the State of Virginia. Defendants directly target consumers in the United States, including in Virginia. Specifically, Defendants use the counterfeit domain names to deceive consumers throughout the United States via phone scams, email scams, reservation fraud scams, employment scams, and as-yet-other unidentified scams designed to deceive consumers. As set forth herein, Defendants use the counterfeit domain names to host counterfeit images and websites, and, on information and belief, to send emails which contain additional counterfeit imitations of American's trademarks. Each of the Defendants is committing tortious acts directed at Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial harm in the State of Virginia.

13. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to this claim occurred in this district. Particularly, Defendants' schemes target consumers nationwide, including consumers, job seekers and other targets in this district.

14. Alternatively, venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(3). The fraud carried out by the Defendants in this matter is similar to other well-known, pervasive fraudulent conduct carried out by individuals based in foreign countries. As alleged above, the Doe Defendants are all likely based in a foreign country. Accordingly, there is no judicial district in which this action can otherwise be brought for purposes of venue.

15. Venue is also proper in this Judicial District under 15 U.S.C. § 1125(d)(2) because Verisign, the registry of Defendants' domain names, is in this judicial district.

**FACTUAL BACKGROUND**

16. American Airlines is the largest air carrier in the world and enjoys a reputation in the United States and internationally as a premier airline for business and leisure travelers. Prior to the COVID pandemic American and its affiliates served over 350 destinations in over fifty countries, with nearly 7,000 daily flights.

17. During its more than 90-year history, American has developed global name-recognition and goodwill and has become a household name. A significant component of American's success has been its investment in its brand and intellectual property. For decades, it has used and continues to use its name American Airlines (abbreviated AMERICAN) and numerous trademarks and service marks including AA, AMERICAN, and AMERICAN AIRLINES, and others, both alone and in connection with other words and designs. American's brands, trade names, and other intellectual property are the result of significant investment and

worth billions of dollars.

18. Over the past several decades, American has used the AMERICAN and AMERICAN AIRLINES trademarks, both alone and in combinations with other words and designs in connection with travel and transportation services, travel agency services and travel reservation services, among numerous other goods and services ("AMERICAN AIRLINES Marks"). American owns and operates the domain names <aa.com> and <americanairlines.com>, which redirects to <aa.com> where American's primary website is hosted ("American's Website") in addition to numerous other domain names incorporating the terms "American" and "American Airlines." American's Website not only features general information about American and traveling, but also allows customers to book travel reservations around the world, view, change and cancel travel reservations, check in for flights, and view flight status. American also uses the <aa.com> domain name for all of its official email accounts.

19. In addition to its extremely strong common law rights in the AMERICAN and AMERICAN AIRLINES marks, American owns multiple trademark registrations for its AMERICAN and AMERICAN AIRLINES marks with the United States Patent and Trademark Office ("USPTO"), many of which have achieved incontestable status, including:

| TRADEMARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| American | 5288639 | September 19, 2017 |
| AMERICAN AIRLINES | 0514294 | August 23, 1949 |
| AMERICAN AIRLINES | 1845693 | July 19, 1994 |
| AMERICAN AIRLINES | 4939082 | April 19, 2016 |
| AMERICAN AIRLINES | 5279167 | September 5, 2017 |
| AMERICAN AIRLINES AADVANTAGE | 5360206 | December 19, 2017 |
| AMERICAN AIRLINES | 5592865 | October 30, 2018 |
| AMERICAN AIRLINES | 5573314 | October 30, 2018 |

| AMERICAN AIRLINES NEXOS | 3087712 | May 2, 2006 |
| AMERICAN AIRLINES ARENA | 3834037 | August 17, 2010 |
| AMERICAN AIRLINES TRAVEL CENTER | 2524571 | January 1, 2002 |

20. Priority for the oldest registration for the AMERICAN AIRLINES mark dates back to July 27, 1948, decades before Defendants registered the domain names. Copies of the registration certificates for the AMERICAN and AMERICAN AIRLINES marks referenced above are attached hereto as Exhibit 1. In addition to its trademark registrations, as discussed above, American has used the AMERICAN AIRLINES trademark for over 86 years, since as early as April 1934. American also created its website at <americanairlines.com> and <aa.com> in 1998, which it is has continuously used in commerce since that date.

21. In addition to the U.S. registrations listed above, American has also obtained trademark registrations incorporating its AMERICAN AIRLINES mark in over 75 countries. A chart of American's registrations for its AMERICAN AIRLINES marks around the world is attached hereto as Exhibit 2.

22. American prominently uses the AMERICAN AIRLINES mark on its website <aa.com> as shown below and attached as Exhibit 3.



## DEFENDANTS' WRONGFUL CONDUCT

23. Consumers in the United States are increasingly subject to scam phone calls, scam emails, scam text messages, and even scam job offers as unscrupulous individuals attempt to cheat consumers.

24. American has detected number of scams relating to the airline industry over the past few years and is taking action to hold scammers accountable, including pursuing litigation in the Southern District of New York and Eastern District of Virginia. Typical airline industry scams include fake travel agencies, travel agencies pretending to be an airline, or persons pretending to be travel agencies or an airline in order to trick unsuspecting consumers into engaging in fraudulent transactions, obtain a consumer's personal and financial data, and even to post fake job listings aimed at obtaining confidential consumer information.

25. American has detected a cluster of counterfeit domain names which appear to be related to each other, and which are likely being used in connection with email, phishing and

reservation fraud scams. Particularly, the Defendants have intentionally registered the following domain names incorporating the AMERICAN AIRLINES Marks:

| | |
|---|---|
| AmericaknAirlines.com | **Exhibit 4** |
| AmericanAirlinesaol.com | **Exhibit 5** |
| AmericanAirlinesCiticard.com | **Exhibit 6** |
| AmericanAirlinese.com | **Exhibit 7** |
| AmericanAirlinesBooking.com | **Exhibit 8** |
| AmrericAnairlines.com | **Exhibit 9** |

(the "Counterfeit Domain Names").

26. Defendants' use of the Counterfeit Domain Names falsely implies that they are associated with American.

27. Defendants Counterfeit Domain Names are confusingly similar to the AMERICAN AIRLINES Marks as they entirely incorporate the AMERICAN AIRLINES marks and/or the AMERICAN marks.

28. Many of the Counterfeit Domain Names add descriptive words or extensions to the AMERICAN AIRLINES-formative domain that do not distinguish the domain from the AMERICAN AIRLINES and/or AMERICAN marks.

29. A mail exchanger record ("MX Record") is a technical setting on a domain name which specifies the mail server associated with the domain. When a domain name has MX Records it means that email addresses can be created on the domain name and the domain name can be used to send and receive email messages. A domain which has no website, but which has MX Records, is likely being used to send and receive email.

30. All of the Counterfeit Domain Names share the same active MX Records, as shown in an MX Records lookup attached as Exhibit 10. This indicates use of the Counterfeit Domain Names to send email messages, and also suggests common control of the domain names.

31. There is no legitimate reason a person would need to operate any of the Counterfeit Domain Names to send emails. Accordingly, on information and belief, Defendants are using the Counterfeit Domain Names for fraudulent email or phishing communications.

32. All of the Counterfeit Domain Names, except <AmericanAirlinesBooking.com>, resolve to websites that contain pay-per-click (PPC) or affiliate advertising links (the "Infringing PPC Websites"). The Infringing PPC Websites prominently display the AMERICAN AIRLINES Marks and contain links that redirect to websites that are competitive with American. For example, <AmericanAirlinesaol.com> resolves to a PPC advertising website displaying the links "Best Site to Book Flights", "Airport Parking Reservations", "American Airlines Reservations", and "United Airlines", among others, which, when clicked, redirect the website visitor to additional PPC or affiliate advertising websites. See Exhibit 11. On information and belief each time a visitor of the Infringing PPC Websites clicks on the links on the Infringing PPC Websites, this generates revenue for Defendants

33. All of the Counterfeit Domain Names have been listed for sale by Defendants in a listing at the same domain name marketplace located at www.sedo.com. Attached as Exhibit 12 are true and correct copies of the sales listings for the Counterfeit Domain Names.

34. Consumers who encounter the Counterfeit Domain Names, and any websites or emails associated with the Counterfeit Domain Names are likely to believe that those domain names are associated with American.

35. Defendants do not have any legitimate rights or interests in the Counterfeit Domain Names.

36. On information and belief, Defendants are not commonly known by the Counterfeit Domain Names.

37. Defendants are not making a legitimate noncommercial or fair use of the Counterfeit Domain Names.

38. On information and belief, Defendants have registered and are using the Counterfeit Domain Names because they want consumers to believe they are associated with American and, on information and belief, Defendants are unlawfully profiting from that false association.

## COUNT I
## CYBERPIRACY
## (15 U.S.C. § 1125(d))

39. American repeats and realleges each of the factual allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. Defendants have registered, used, and are using the Counterfeit Domain Names which are confusingly similar to the AMERICAN AIRLINES marks, to impersonate American and perpetrate fraud. Defendants are also trafficking in the Counterfeit Domain Names. Defendants did so with bad faith intent to profit from American's trademarks in violation of the Anticybersquatting Consumer Protection Act of 1999 codified at 15 U.S.C. § 1125(d). Defendants do not have any bona fide commercial use for the domain names and intend to divert consumers from American's own website and email address(es). Defendants are coordinating and/or conspiring to register multiple domain names which infringe American's trademarks.

41. On information and belief Defendants provided materially false contact information to the domain name registrars used to register the Counterfeit Domain Names.

42. The AMERICAN AIRLINES Marks were distinctive at the time the Counterfeit Domain Names were registered.

43. Defendants have caused and will continue to cause great and irreparable injury to American and, unless such acts are restrained by this Court, American will continue to suffer great

and irreparable injury.

44. On information and belief, Defendants have derived unlawful gains and profits from their use of the Counterfeit Domain Names.

45. American has no adequate remedy at law.

46. By virtue of its aforementioned acts, Defendants' have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §1114(1))

47. American repeats and realleges each of the factual allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. American owns a valid, federally registered trademark for the AMERICAN AIRLINES Marks for use in connection with travel services.

49. The AMERICAN AIRLINES Marks are inherently distinctive, and continue to acquire further substantial distinctiveness and goodwill in the marketplace through American's use of the AMERICAN AIRLINES Marks interstate commerce.

50. American has prior rights in the AMERICAN AIRLINES Marks in connection with travel services.

51. Defendants have adopted designations that are identical to or indistinguishable from the AMERICAN AIRLINES Marks. On information and belief, many of Defendants are using those designations in commerce in email communications with consumers and holding themselves out as being associated with American.

52. On information and belief, Defendants are conspiring and working together to register multiple American Airlines-derivative domain names.

53. Defendants' use of confusingly similar domain names, websites, and email addresses constitute infringement of American's trademarks and trade names.

54. Defendants' domain names and websites also constitute counterfeiting of American's registered trademarks.

55. Defendants unauthorized use of the AMERICAN AIRLINES Marks without American's consent is willful and intentional.

56. On information and belief, Defendants have derived unlawful gains and profits from their infringing use of the AMERICAN AIRLINES Marks.

57. Defendants' aforesaid acts have caused and, unless acts are restrained by this Court, will continue to cause great and irreparable injury to American.

58. American has no adequate remedy at law.

59. By virtue of its aforementioned acts, Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l).

## COUNT III
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

60. American repeats and realleges each and every factual allegation of Paragraphs 1 through 59 above, as if fully set forth herein.

61. Defendants' actions, as described above, constitute use of a false designation of origin, or a false representation, which wrongfully and falsely designates the origin of Defendants' services and related commercial activities as originating from or being approved by American, and thereby constitute a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. Defendants' aforesaid acts have caused and, unless such acts are restrained by this

Court, will continue to cause great and irreparable injury to American.

63. American has no adequate remedy at law.

64. By virtue of its aforementioned acts, Defendants' have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
### (State of Virginia)

65. American repeats and realleges each of the factual allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66. American has been using the AMERICAN AIRLINES marks in commerce with travel services for over ninety years and therefore owns common law trademark rights in the AMERICAN AIRLINES marks.

67. The AMERICAN AIRLINES marks are inherently distinctive, and continue to acquire further substantial distinctiveness and goodwill in the marketplace through American's use of the AMERICAN AIRLINES marks in interstate commerce.

68. American has prior rights in the AMERICAN AIRLINES Marks in connection with travel services.

69. Defendants have adopted designations that are identical to or indistinguishable from the AMERICAN AIRLINES Marks. On information and belief, Defendants are using those designations in commerce in email communications with consumers and holding themselves out as being associated with American.

70. Defendants unauthorized use of the AMERICAN AIRLINES Marks without American's consent is willful and intentional.

71. On information and belief, Defendants have derived unlawful gains and profits from

their infringing use of the AMERICAN AIRLINES Marks.

72. Defendants' aforesaid acts have caused and, unless acts are restrained by this Court, will continue to cause great and irreparable injury to American.

73. American has no adequate remedy at law.

74. By virtue of its aforementioned acts, Defendants have violated the Virginia common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Airlines, Inc. prays that the Court:

(A) Find that Defendants' have unlawfully, and without authorization, engaged in cyberpiracy and counterfeiting, infringed upon the AMERICAN AIRLINES Marks, engaged in unfair competition, all in violation of the Lanham Act, 15 U.S.C. § 1125, et seq.; and

infringed upon and AMERICAN AIRLINES Marks in violation of the common law of Virginia.

(A) Order VeriSign, Inc. to effectuate transfer of the Counterfeit Domain Names to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C) by changing the registrar of record in the authoritative .com net registry database from the current registrar to a registrar designated by Plaintiff.

(B) Order Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, by, through or under them be permanently enjoined from:

  i. Using the AMERICAN AIRLINES Marks, or any reproduction, counterfeit, copy, or colorable imitation of said marks;

      ii. Using the AMERICAN AIRLINES Marks, or any reproduction, counterfeit, copy or colorable imitation of said marks, in a matter likely to cause others to believe that Defendants are associated with, sponsored by, or endorsed by American;

      iii. passing off, inducing, or enabling others to pass off any services related to American which are not authorized by American;

      iv. making any false or misleading statements regarding American or their services, or the relationship between American and Defendants;

      v. committing any other acts calculated to cause consumers to believe that Defendants are connected with American;

      vi. engaging in any activity constituting unfair competition with American;

      vii. engaging in any activity that is likely to dilute the distinctiveness of the AMERICAN AIRLINES Marks;

      viii. assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (1) through (7);

(C) Monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      i. All of Defendants' profits gained from Defendants' misappropriation of Defendants' AMERICAN AIRLINES Marks;

      ii. Statutory damages, as provided in 15 U.S.C. § 1117(c) and (d);

      iii. Attorney's fees and costs; and

      iv. All other further relief as this Court may deem just and proper.

American requests a trial by jury as to all issues triable to a jury.

                                                                           Respectfully submitted,

Dated: 7/19/22                By:        /s/ David G. Barger
                                                                         David G. Barger
                                                                         VSB No. 21652
                                                                         GREENBERG TRAURIG, LLP
                                                                         1750 Tysons Boulevard
                                                                         Suite 1000
                                                                         McLean, VA  22102
                                                                         Telephone: (703) 749-1307


                                                                         Cameron M. Nelson
                                                                         Marc Trachtenberg
                                                                         Molly J. Carr
                                                                         *Pro Hac Vice* Admission to be Sought
                                                                         GREENBERG TRAURIG, LLP
                                                                         77 West Wacker Drive, Suite 3100
                                                                         Chicago, IL 60601
                                                                         Telephone: (312) 456-8400


                                                                         Counsel for Plaintiff American Airlines, Inc.